1  ERIC GRANT
   United States Attorney
2  ROBERT L. VENEMAN-HUGHES
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5  Attorneys for Plaintiff
   United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:25-CR-00022-JLT-SKO |
|---|---|
| Plaintiff, | STIPULATION TO CONTINUE STATUS CONFERENCE |
| v. | |
| DANIEL BATTENFIELD, | |
| Defendants. | |

IT IS HEREBY STIPULATED by and between Michele Beckwith, Acting United States Attorney and Robert L. Veneman-Hughes, Assistant U.S. Attorney, as well as Steven Crawford, attorney for defendant DANIEL BATTENFIELD, that the status conference set for October 15, 2025, at 1:00 pm before the Honorable Sheila K. Oberto be continued to January 21, 2026 at 1:00 p.m.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through defendants' counsel of record, hereby stipulate as follows:

1. The parties need additional time to further investigate/explore matters related to resolving the case or setting a trial date.

2. At the time of the last stipulation, the parties were engaged in plea negotiations. The defendant had made general proposals for a resolution, and the government and defense were engaged in negotiations connected to those proposals.

3. Based on those negotiations, the government has now extended a plea offer to the

1

1  defendant. The plea offer expires January 13, 2026.

2      4.    Should the defendant reject the plea, the parties will pick trial dates at the proposed
3  January 21, 2025, status conference.

4      5.    By this stipulation, the parties now move to continue the status conference, and to
5  exclude time from October 15, 2025, to January 21, 2025.

6      6.    The parties agree and stipulate, and request that the Court find the following:

7      a)    The government has represented that the initial discovery associated with this
8  case includes investigative reports, and related documents, photographs, etc., in electronic form.
9  All of this discovery has been either produced directly to counsel and/or made available for
10 inspection and copying.  Defense would like additional time to review discovery and investigate
11 the foundation for a resolution by plea or trial further.

12     b)    The government does not object to the continuance.

13     c)    An ends-of-justice delay is particularly apt in this case because:

- Defendant needs additional time to review discovery, and conduct additional investigation; and

- The parties need additional time to investigate/explore matters related to proceeding via plea or trial.

19     d)    Based on the above-stated findings, the ends of justice served by continuing the
20 case as requested outweigh the interest of the public and the defendant in a trial within the
21 original date prescribed by the Speedy Trial Act.

22     e)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
23 et seq., within which trial must commence, the time period of October 15, 2025 to January 21,
24 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and (h)(7)(B)(iv)
25 because it results from a continuance granted by the Court at defendants' request on the basis of
26 the Court's finding that the ends of justice served by taking such action outweigh the best interest
27 of the public and the defendants in a speedy trial.

28     7.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

Dated: October 8, 2025                               Respectfully submitted,

                                                     ERIC GRANT
                                                     United States Attorney

                                              By     /s/ Robert L. Veneman-Hughes
                                                     ROBERT L. VENEMAN-HUGHES
                                                     Assistant United States Attorney

Dated: October 8, 2025                               /s/ Steven Crawford
                                                     STEVEN CRAWFORD
                                                     Attorney for Daniel BATTENFIELD

## ORDER

Pursuant to the Minute Order, (Doc. 24), issued on September 30, 2025, counsel were "directed to meet and confer and select a mutually agreeable trial date to be discussed at the next hearing date." The Minute Order further states that the parties "may stipulate: (1) to the trial date, or (2) to set the matter for a change of plea hearing before District Judge Thurston, with an appropriate exclusion of time," and that any stipulation to set the matter for a change of plea hearing before Judge Thurston must state that "a Plea Agreement has been filed."

The parties have neither selected a trial date nor filed a signed plea agreement. Accordingly, the parties' stipulation for a continuance of the status conference is DENIED.

IT IS SO ORDERED.

Dated:   **October 9, 2025**                          */s/ Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE